

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN PEREZ,

                Petitioner,

        -against-

WILLIAM PHILLIPS, Superintendent
of Green Haven Correctional Facility,

                Respondent.
-------------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-0026 (DLI)

IRIZARRY, J.

        In a Memorandum and Order dated March 4, 2005, this Court noted that the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 appears to be barred under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and directed petitioner to show cause why the petition should not be dismissed. In response, petitioner, John Perez, has filed an affirmation dated April 18, 2005 (hereinafter, "Petitioner's Affirmation"). This affirmation does not contest the fact that this petition is time-barred, but argues (1) that the AEDPA's one-year period of limitations is unconstitutional because it violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2,[1] and (2) that the petition advances an "actual innocence" claim, which cannot be dismissed as untimely. For the reasons stated below, this Court rejects petitioner's Suspension Clause argument, but directs petitioner to provide a further affirmation in support of his claim of actual innocence.

---

        [1]The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

The Suspension Clause Claims

Construing petitioner's submission liberally, as is appropriate in light of petitioner's pro se status, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), petitioner's Suspension Clause argument can be viewed as asserting both (1) that the one-year period of limitations imposed by the AEDPA is a per se violation of the Suspension Clause and (2) that the limitation is unconstitutional as applied in this case. Neither argument, however, has merit.

First, the Second Circuit has repeatedly rejected the argument that the AEDPA's statute of limitations constitutes a per se violation of the Suspension Clause. See Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir.), cert. denied, 531 U.S. 873 (2000); Rodriguez v. Artuz, 161 F.3d 763, 764 (2d Cir. 1998) (per curiam), aff'g on opinion below, 990 F.Supp. 275 (S.D.N.Y. 1998). In these cases, the Second Circuit held that the standard for determining whether a limitation on the availability of habeas relief violates the Suspension Clause is whether that limitation renders the habeas remedy "inadequate or ineffective to test the legality of the detention." See Lucidore, 209 F.3d at 113; Rodriguez, 990 F.Supp. at 280-82. The Second Circuit held that, since the "AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of the detention,' and therefore does not per se constitute an unconstitutional suspension of the writ of habeas corpus." Lucidore, 209 F.3d at 113.

Second, to the extent that petitioner is asserting that the AEDPA's one-year limitation is unconstitutional as applied to this case, his argument is premised on a misunderstanding of how the AEDPA's one-year limitation operates. Petitioner correctly notes that "State remedies must

2

be exhausted" before claims can be raised in "the Federal Forum," Petitioner's Affirmation, ¶ 3 (emphasis omitted), but incorrectly reasons that the AEDPA imposes an impossible deadline by allowing "only one (1) year to redress a CPL § 440 [motion]; Error Coram Nobis" and to file the writ of habeas corpus. Id. at ¶ 4. As noted in this Court's previous Memorandum and Order, the time during which a properly filed § 440 motion or petition for a writ of error coram nobis is pending in State court is excluded for purposes of calculating the one-year period. 28 U.S.C. § 2244(d)(2). For that very reason, this Court's prior Order solicited information concerning the dates on which petitioner's post-conviction motions were filed and decided. Petitioner's Affirmation, however, does not provide this information or otherwise argue that these motions were pending for so long as to make the instant petition timely. Therefore, there does not appear to be any basis for asserting that the AEDPA's statute of limitations deprived petitioner of a reasonable opportunity to seek federal habeas review.

The Actual Innocence Claim

Petitioner's Affirmation asserts that Wyzykowski v. Dept. of Correction, 226 F.3d 1213 (11th Cir. 2000), held that "actual innocence can proceed (sic) all time bar's (sic)." Petitioner's Affirmation, ¶ 2 (emphasis in original). Assuming that petitioner means to assert that Wyzykowski recognized an "actual innocence" exception to the AEDPA's statute of limitations, petitioner is reading this case too broadly. At most, Wyzykowski "conjectured that actual innocence might override the one-year limit." David v. Hall, 318 F.3d 343, 347 (1st Cir.), cert. denied, 540 U.S. 815 (2003).

Moreover, regardless of the law in the Eleventh Circuit, the Second Circuit has yet to determine whether the United States Constitution requires an "actual innocence" exception to the

3

AEDPA's statute of limitations. See Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004). The Second Circuit has stated that it will decide the issue "only in a case in which the petitioner can show that, because he can demonstrate his actual innocence, he would be injured if not entitled to tolling on this basis." Id. (citing Lucidore, 209 F.3d at 113-14). Accordingly, the Second Circuit has "instructed district courts faced with untimely petitions in which the petitioner asserts his or her actual innocence to determine ... whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence." Id. (citing Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003)).

In making this determination, habeas courts must apply the standard for showing "actual innocence" that the Supreme Court established in Schlup v. Delo, 513 U.S. 298 (1995). Id. Under that standard, a petitioner "must support his claim 'with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Id. (quoting Schlup, 513 U.S. at 324). The Second Circuit has emphasized that the new evidence must be trustworthy. Id. Even if a petitioner can meet this "demanding standard," id., a petitioner will not have presented a credible claim of "actual innocence" unless the habeas court concludes that, "in light of all the evidence, it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Id. at 162 (quoting Schlup, 513 U.S. at 327).

Petitioner's claim of actual innocence cannot be summarily dismissed because it is not clear whether petitioner has presented a credible claim of actual innocence. See Whitley, 317

F.3d 223 (holding that a district court could not sua sponte dismiss as time-barred a habeas petition asserting a claim of actual innocence without first determining, as a matter of fact, whether the petitioner had presented a credible claim of actual innocence). In listing the grounds for habeas relief, the petition states that petitioner is raising, inter alia, the issues set forth in his motion pursuant to Criminal Procedural Law ("CPL") § 440.10(1)(g). See Petition, ¶ 13. Although the petition states that this motion is "attached," id., the motion papers were not attached to the petition when it was transferred to this Court from the United States District Court for the Southern District of New York. As a result, all this Court knows about the issues addressed in petitioner's § 440.10(1)(g) motion is that they relate to "Newly Discovered Evidence" and "DNA Testing." Petition, ¶ 12.

This information is insufficient to enable this Court to determine whether petitioner has presented a credible claim of "actual innocence." Accordingly, petitioner is directed to file an affirmation, within thirty (30) days from the date of this Order, demonstrating that he has presented or can present a credible claim of actual innocence. As explained above, petitioner must "support his claim with new reliable evidence ... that was not presented at trial." See Doe, 391 F.3d at 161. This Court emphasizes that "actual innocence" means factual innocence, not legal innocence, and that the new evidence must be trustworthy. Id. at 161-62. In addition, petitioner should explain why this new evidence makes it "more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 162. Petitioner should also explain when this new evidence was uncovered and allege any other facts relevant to the issue of whether the actual innocence argument has been presented with reasonable diligence.

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has submitted the affirmation required by this Order, whichever is sooner. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred.

SO ORDERED.

_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
July 29, 2005