FILED
... OFFICE
... N.Y.

3 2005 ★

TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

JOHN PEREZ,

                      Petitioner,

     -against-

WILLIAM PHILLIPS, Superintendent
of Green Haven Correctional Facility,

                    Respondent.

----------------------------------------------------X

**MEMORANDUM AND ORDER**

05-CV-0026 (DLI)

IRIZARRY, J.

In a Memorandum and Order dated March 4, 2005, this Court noted that the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 appeared to be barred under the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), and directed petitioner to show cause why the petition should not be dismissed. In response, petitioner, John Perez, filed an affirmation dated April 18, 2005, which conceded that the petition is time-barred but argued, inter alia, that the petition advances an "actual innocence" claim which cannot be dismissed as untimely. However, that affirmation did not provide sufficient information to enable this Court to determine whether petitioner had presented or could present a credible claim of actual innocence. Therefore, this Court directed petitioner to provide a further affirmation to "'support his claim with new reliable evidence ... that was not presented at trial,'" and to explain why this new evidence made it "'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Perez v. Phillips, No. 05-CV-0026, slip op. at 5 (E.D.N.Y. July 29, 2005) (citing Doe v. Menefee, 391 F.3d 147, 161-62 (2d Cir. 2004)).

In response to this Court's Order dated July 29, 2005, plaintiff has filed two separate documents. The first – entitled, "Reply to Memorandum and Order," and dated August 19, 2005 (hereinafter, "Petitioner's Reply") – appears to allege that the State of New York reneged on its offer to conduct D.N.A. testing in this case. The second – entitled, "Affirmation in Response to Memorandum and Order" (hereinafter, "Petitioner's Affirmation") and submitted with a cover letter, dated August 24, 2005, requesting that it be considered an amendment to the first submission – principally argues that, owing to technological advances, D.N.A. testing could now be performed on previously untested evidence contained in the rape kit.

It is apparent from both Petitioner's Reply and Petitioner's Affirmation that this D.N.A. testing has not yet been performed. Indeed, Petitioner's Affirmation indicates that the instant habeas petition seeks to challenge the State court's denial of petitioner's post-conviction motions "to have DNA testing done on the vaginal slides and swabs and public (sic) hair from the two rape kits that were not previously tested." Petitioner's Affirmation, ¶ 12. Therefore, petitioner can only speculate that the testing would prove exculpatory. Neither Petitioner's Reply nor Petitioner's Affirmation presents any "new reliable evidence ... that was not presented at trial" which "makes it more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

Absent a showing of "new reliable evidence," this Court need not address the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA's one-year statute of limitations. See Doe, 391 F.3d at 161; Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113-14 (2d Cir.), cert. denied, 531 U.S. 873 (2000). Petitioner has

2

previously conceded that the instant petition is time-barred, and has not alleged any basis for

equitable tolling of the statute of limitations. Therefore, the instant petition is dismissed pursuant

to 28 U.S.C. § 2244(d)(1).

Conclusion

For the reasons set forth above and in the two prior Memoranda and Orders issued in this

case, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied

as untimely. Because petitioner has not made a substantial showing of the denial of any

constitutional right, a certificate of appealability shall not issue. 28 U.S.C. § 2253; Lozada v.

United States, 107 F.3d 1011, 1017 (2d Cir. 1997) (discussing the standard for issuing a

certificate of appealability), abrogated on other grounds, United States v. Perez, 129 F.3d 255,

259-60 (2d Cir. 1997). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal would not be taken in good faith and therefore in forma pauperis status should be

denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
September 12 , 2005

3